**JOHN L. BURRIS (State Bar No. 69888)**
**ADANTÉ D. POINTER (State Bar No. 236229)**
**LAW OFFICES OF JOHN BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiff
**KYLE ADAMS**

FILED
AUG - 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KYLE ADAMS

    Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, SHERIFF MICHAEL HENNESSEY in his official capacity as Sheriff for the CITY and COUNTY of SAN FRANCISCO; SCOTT NEU individually and in his official capacity as a San Francisco Sheriff's Department Deputy for the CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50, inclusive, individually and in their official capacities for the CITY AND COUNTY OF SAN FRANCISCO

    Defendants.

Case No.: C08-03696 PJH

COMPLAINT FOR DAMAGES
(42 U.S.C § 1983)

JURY TRIAL DEMANDED

## INTRODUCTION

1. This case arises out of the sexual harassment and assault of a City and County of San Francisco inmate by a San Francisco Sheriff's Department Deputy. This civil rights suit is filed on behalf by Mr. Kyle Adams. It is the third federal complaint filed against San Francisco Sheriff's Department Deputy Scott Neu alleging he violated an inmate's civil rights by systematically preying upon an inmate for his own prurient sexual desires.

## JURISDICTION

2. This action alleges violations of Mr. Kyle "London" Adams' rights under 42 U.S.C §§ 1983, 1985, and 1986. Jurisdiction is conferred upon this court by 28 U.S.C §§ 1331 and 1343. The actions giving rise to the Defendants' liability as alleged in this complaint occurred in the City and County of San Francisco which is within the Northern District of California. Venue is therefore proper in this District pursuant to Title 28, United States Code, § 1391(b).

## PARTIES

3. Plaintiff KYLE L. ADAMS (hereinafter "London") is, a competent 27 year-old resident of San Francisco, California and a citizen of the United States. He is currently incarcerated at San Quentin, State Prison. London is readily recognizable as an African American and while he was born a biological male is undergoing hormonal therapy that has greatly enhanced his feminine characteristics and noticeably enlarged his breasts.

4. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF") is, and at all times herein mentioned, was a municipality duly organized and existing under the laws of the State of California. CCSF operates the SAN FRANCISCO SHERIFF'S DEPARTMENT.

5. Defendant MICHAEL HENNESSY (hereinafter "Sheriff Hennessy") is, and at all times herein mentioned, was the SHERIFF for CITY AND COUNTY OF SAN FRANCISCO, and is sued in his official capacity.

6. Defendant SCOTT NEU (hereinafter "Deputy Neu"), is, and at all times

1   mentioned herein, was a SAN FRANCISCO SHERIFF'S DEPARTMENT DEPUTY for the
2   CITY AND COUNTY OF SAN FRANCISCO, and is sued individually and in his official
3   capacity.

4   7.   Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control and, violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

8.   In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the CITY AND COUNTY OF SAN FRANCISCO.

9.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10.   Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## FACTS

11.   On or about March 3, 2006, Mr. Kyle Adams aka "London" was arrested and placed in CCSF custody. The San Francisco District Attorney's Office filed criminal charges against him and he was subsequently housed in CCSF Jail #1 located at 850 Bryant Street in the City of San Francisco.

12.   At some point during London's incarceration at CCSF Jail #1, Deputy Neu began initiating conversation with him. At the outset, Deputy Neu feigned interest in London's

criminal case. However, over time he revealed his ulterior motives, gradually guiding their conversations into seedier topics. For instance, Deputy Neu often shared his own sexual proclivities for visiting San Francisco's Power Exchange and dating Black "Queens" (the term refers to biological males that identify themselves as a female or live as women). At or about the same time they were having these conversations, Deputy Neu intensified his efforts to befriend London by lavishing him with special privileges and food.

13. Sometime during the month of August 2006, London was selected to serve as his tank's librarian. On one of his first days as a librarian, Neu escorted London down to the library. Once inside, Deputy Neu exposed his penis to London and wryly asked "do you know what to do with this?" London rebuffed the overture and the awkward situation quickly ended as both he and Deputy Neu heard what they erroneously believed was an approaching guard's keys jingling.

14. During a later incident, Deputy Neu woke London out his sleep, and escorted him to the library. There, in the library, Deputy Neu groped London's breasts and once again exposed his penis. This time he commanded London to perform oral sex, when London shied away, he grabbed London about the head and forced him to comply with his directive. On other occasions, Deputy Neu fondled London's genitals and demanded anal sex. These assaults continued to occur from August 2006 until sometime in September 2006.

15. Unfortunately, Deputy Neu's egregious behavior was not just limited to the confines of the inmate library. For example, Deputy Neu would periodically sit in the guard office and suggestively rub his genitals while staring at London. Deputy Neu's brash behavior caught the attention of London's fellow inmates prompting several conversations wherein London came to understand that Deputy Neu has a reputation among inmates for regularly engaging in sexual banter and contact with Queens entrusted to CCSF's care and custody.

16. Deputy Neu managed to keep the clandestine sexual relationship a secret by, showering London with gifts and alternatively threatening to make his life hell by moving him to

1  CCSF's San Bruno Jail and/or sabotaging his then pending criminal case. Deputy Neu
2  employed similar tactics during his sexual torment of David Spears and Sabrina Wigfall.

3  17. London is irreparably damaged as a result of Deputy Neu's reckless, malicious
4  and/or sexually deviant conduct. Plaintiff further alleges that plaintiff's harassment and assault
5  were foreseeable harms resulting from defendants' failure to exercise the duty of care owed to
  plaintiff. The Sheriff's Department failed to adequately supervise Deputy Neu and/or Does 1-50.
6  The Sheriff's Department failed to train Deputy Neu and/or Does 1-50 to refrain from sexually
7  harassing detainees and/or take reasonable measures to prevent and/or stop any alleged
8  inappropriate conduct by any Sheriff's Department personnel toward detainees.

9  18. The above-described intentional and/or negligent conduct by defendants was a
10 factual and proximate cause of plaintiff's damages.

11 19. Defendant CCSF, by and through its supervisory employees and agents, Sheriff
12 HENNESSY and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and
13 adequately hire, train, retain, supervise, and discipline its deputies so as to avoid unreasonable
14 risk of harm to detainees. With deliberate indifference CCSF and Sheriff HENNESSY and
   DOES 26-50, inclusive, failed to take necessary, proper, or adequate measures in order to
15 prevent the violation of plaintiff's rights. CCSF and Sheriff HENNESSY, and DOES 26-50,
16 inclusive, breached their duty of care to citizens in that they failed to adequately train, supervise
17 and discipline Deputy Neu and DOES 1-50, in exercising a professional standard of care toward
18 jail inmates. This lack of adequate supervisorial training demonstrates the existence of an
19 informal custom or policy of promoting, tolerating, and/or ratifying with deliberate indifference
20 the continuing negligent supervision of sheriff's deputies and detainees and deliberate
21 indifference toward the sexual harassment and assault of jail detainees, including plaintiff, by
22 Deputy Neu and DOES 1-50, inclusive, employed by defendant CCSF.
23 //

24 //
25

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTEENTH AMENDMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 50)

20. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19.

21. Defendants' above-described conduct violated Plaintiff's right to be free from unreasonable seizures without probable cause under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTEENTH AMENDMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 50)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21

23. Defendants' above-described conduct violated Plaintiff's right to be free from unreasonable seizures, harassment, and excessive and/or arbitrary force without reasonable or probable cause under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF CIVIL RIGHTS TO LIFE AND LIBERTY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 50)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23.

25. Defendant NEU and DOES 1-100, inclusive, acted under color of law in subjecting Plaintiff to unreasonable seizures, thereby depriving Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right not to be deprived of life or liberty without due process of law,

as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

 b. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

 c. The right to be free from pre-conviction punishment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution.

 d. The right to be free from harassment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitutions

26. As a proximate result of the foregoing wrongful acts of Defendants, Plaintiff have sustained pecuniary loss and other compensable injuries.

27. As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

28. In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(42 U.S.C. § 1983- VIOLATION OF CIVIL RIGHTS TO BE FREE FROM HARASSMENT)
(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 50)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28.

30. Defendants, acting under color of state law, deprived Plaintiff of their right to be free from sexual harassment. Defendants' actions caused injuries resulting in emotional distress. Defendants violated Plaintiff's rights, privileges, and immunities secured by the Fourth, and Fourteenth Amendments to the United States Constitution.

31. In doing the foregoing wrongful acts, Defendants, and each of them, acted in

reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

42 U.S.C. § 1983- VIOLATION OF EIGHTH AMENDMENT,

CRUEL & UNUSUAL PUNISHMENT

(AGAINST ALL DEFENDANTS)

32.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31.

33.  Defendants' above-described conduct violated Plaintiff's Eight Amendment rights to be free from cruel and unusual punishment.

34.  Defendant NEU, individually and in his official capacity as a sheriff deputy for the CITY AND COUNTY OF SAN FRANCISCO, used his position of power to intentionally, maliciously and/or sadistically degrade and humiliate the Plaintiff for his sexual enjoyment. Defendant NEU's conduct placed Plaintiff in a hostile environment with a substantial risk of serious harm.

35.  Defendants NEU at all time knew that his sexual acts and harassment were unacceptable, unprofessional, and damaging to Plaintiff's psychological well being and health. Defendants NEU knowingly, purposely, deliberately and maliciously exercised his power to injure the Plaintiff.

36.  The City and County of San Francisco, Sheriff HENNESEY and DOES 1- 100, inclusive, knew and had notice of Defendant NEU's conduct toward Plaintiff and other inmates, but deliberately and recklessly failed to train, supervise, and/or take reasonable measures to guarantee the safety of the Plaintiffs. The abuse, harassment, and assault are foreseeable harms resulting from Defendants' failure to exercise the duty of care owed to Plaintiff.

37.  As a proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $5,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief pursuant to enjoining CCSF from authorizing, allowing, or ratifying the practice by sheriff deputies of sexually assaulting citizens in their custody.
5. For reasonable attorney's fees;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated this 1st day of August, 2008

LAW OFFICES OF JOHN L. BURRIS

*/s/ John L. Burris*

JOHN L. BURRIS
Attorneys for Plaintiff
KYLE ADAMS